Filed 12/24/20  P. v. Mosqueda CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091240 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F07848) |
| v. | |
| FRANK G. MOSQUEDA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Frank G. Mosqueda, asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Because we find that defendant is not entitled to *Wende* review, and has not raised an arguable issue in his supplemental brief, we dismiss the appeal.  (*People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).)

BACKGROUND

In February 2010, following a court trial, the court convicted defendant of seven felonies, including attempted premediated murder, and found true numerous enhancement allegations.  For each of his convictions, except attempted murder, the trial court sentenced defendant to an aggregate, determinate term of 34 years in state prison.

1

For defendant's attempted murder conviction, the trial court sentenced defendant to an indeterminate term of life with the possibility of parole, plus another 14 years for a gun use and great bodily injury enhancements.

The original abstract of judgment incorrectly identified defendant's attempted murder conviction as "attempted second degree murder." After receiving several letters from the Department of Corrections and Rehabilitation, the trial court ultimately corrected the abstract of judgment to correctly reflect defendant's conviction as one for attempted premeditated murder and the sentence imposed as life with the possibility of parole. Defendant appeals from the ultimate order correcting the abstract of judgment, which resulted in the second amended abstract of judgment.

DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *Serrano, supra*, 211 Cal.App.4th at pp. 500-501.)

The right to *Anders/Wende* review applies only at appellate proceedings where a defendant has a previously established constitutional right to counsel. (*Serrano, supra*, 211 Cal.App.4th at p. 500; *Ben C., supra*, 40 Cal.4th at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano,* at pp. 500-501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal. (See *Serrano,* at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

2

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano* here, defendant has no right to a *Wende* review of the post judgment order correcting a clerical error in the abstract of judgment.

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief claiming he was taken advantage of at trial and at his sentencing because he could not hear the proceedings. The time to challenge his trial and sentence on appeal has long passed. (See Cal. Rules of Court, rule 8.104.) As nothing in defendant's supplemental brief raises an arguable issue on appeal, we must dismiss it. (*Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

DISPOSITION

The appeal is dismissed.

 

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

MURRAY, J.